### Leandro Chapa v. State.

No. 2324.   Decided March 5, 1913.

**1.—Murder—Statement of Facts.**

Where the alleged statement of facts is not signed by the attorneys trying the case and is not approved by the trial judge, the same could not be considered on appeal.

**2.—Same—Practice on Appeal—Presumption.**

In the absence of a statement of facts, it must be presumed that the evidence supported the conviction and that the court properly charged the law and all the law applicable to the evidence.

Appeal from the District Court of Bee.   Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*John Baker,* and *W. G. Galyle* and *John R. Beasley,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of murder in the second degree and his punishment assessed at five years confinement in the State penitentiary.

There is no statement of facts accompanying the record we can consider. There is what purports to be a statement of facts made in question and answer form but it does not bear the signature of the attorneys trying the case, neither has it been approved by the district judge.

The first ground of the motion complains of the insufficiency of the testimony. Not having the evidence before us, we must presume that it supported the verdict. Neither can we determine whether or not the court erred in refusing to charge on manslaughter.

Neither can we review the charge of the court on account of the alleged errors, nor the failure to give the special charge requested. In the absence of a statement of facts, we must presume the court charged the law, and all the law applicable to the evidence. The court submitted the offense charged in the indictment, and while it might have been more desirable that the law be applied more directly to the facts in the case, as contended by appellant, but not having the evidence before us, we can not determine whether the court did or did not sufficiently do so.

The judgment is affirmed.

*Affirmed.*